■ SALLY WEINAPPEL, as Administratrix of the Estate of HAROLD WEINAPPEL, Deceased, Appellant, v JOHN T. BURKE, Respondent.—Mikoll, J.

On June 21, 1983, plaintiff's decedent was operating his automobile in a northerly direction on Route 9, a two-lane north-south highway in the Town of Plattsburgh, Clinton County. Defendant was traveling southbound on Route 9. Decedent's vehicle was struck on its right side in the center of the southbound lane as it was in the process of making a left turn into a driveway of the Pioneer Motel. There was a knoll in the highway about 2,000 feet north of the impact. Defendant was south of this knoll when he moved into the northbound lane to pass two southbound vehicles. He completed passing the two vehicles and returned to the southbound lane before impact.

The only issue raised on this appeal is whether the trial court properly sustained defendant's objection to a question put to plaintiff's expert witness on direct examination. Plaintiff's counsel made this inquiry: "Now using [defendant's] sworn testimony about his passing speed of 55 and that normal distance standard that we just discussed, were you able to do calculations to determine where, along the road, [defendant's] car would have finished the pass?" Defendant's counsel objected to the form of the question and this colloquy occurred:

"The Court: Sustained.

"Mr. Brody: [Plaintiff's counsel]: On form?

"The Court: I don't believe there's any foundation for that question to this witness."

The ruling of the trial court was proper and we should therefore affirm. A question such as this, which assumes a material fact which has no support in the evidence, is im-

proper and should be excluded (Richardson, Evidence § 370, at 347 [Prince 10th ed]). In the instant case, the evidence did not establish the point on the highway where defendant began to pass the two vehicles. It would, therefore, not be possible to indicate the point on the highway at which the pass would have been completed. The question also referred to "that normal distance standard". The standard was defined as the distance a driver would normally be behind a vehicle before pulling out to pass—a distance of 100 feet. However, the record indicates that defendant's testimony was that he was 20 feet behind the nearest vehicle when he began his pass. Thus, the 100-foot assumption did not conform to the facts in evidence.

By this line of inquiry, it appears that plaintiff was attempting to establish that defendant was driving at a speed substantially in excess of the 55 miles per hour speed limit. It is useful to note that a witness called by plaintiff estimated defendant's speed as 70 miles per hour prior to the collision and plaintiff's expert testified that, based on his reconstruction of the accident, defendant's speed at impact was between 70 to 80 miles per hour. Thus, the jury had before it evidence of excessive speed notwithstanding the disputed ruling.

Judgment affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.